# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7745 | **DATE** | December 15, 2010 |
| **CASE TITLE** | Antonio Smith (#2008-0062205) v. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $7.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state an actionable federal claim. The case is terminated. Plaintiff's motion for appointment of counsel [#4] is denied as moot. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was arrested on October 28, 2002. On March 5, 2004 he pled guilty to three class 2 felonies, the three year sentences on which were to run two concurrently and one consecutively. He was to receive 381 days of credit for the time that he already had served in the Cook County Jail. Plaintiff further alleges that the trial court erred in its recitation of his arrest date, using the incorrect date of November 28, 2002. When Plaintiff filed a motion in the trial court in 2005 seeking to correct the error, his motion was denied. Plaintiff further contends that the state court compounded the error by either making all of his sentences run consecutively, instead of two of the three running concurrently, or by voiding his Cook County Jail credits. Plaintiff alleges that as a result of these errors, he ended up serving an additional year of incarceration, and that instead of being released as he should have been in September or October of 2005, he was released on July 19, 2006. Plaintiff seeks $360,000 and full tuition at Loyola University in damages.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time that the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be
**(CONTINUED)**

**STATEMENT (continued)**

granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

Plaintiff filed a lawsuit in this Court on April 23, 2010, that was virtually identical to the complaint filed in the case at hand. See *Antonio Lamar Smith v. Illinois Department of Corrections*, (Case No. 10 C 2531) (N.D. Ill.). That case was dismissed for failure to state a federal claim. See Minute Order of April 30, 2010, Docket Entry 4 in Case No. 10C2531. In that order, the Court noted that Plaintiff had a statute of limitations problem, but that notwithstanding the limitations issue, Plaintiff failed to state a federal claim. Accordingly, the Court dismissed Plaintiff's cause of action and issued a strike pursuant to 28 U.S.C. § 1915(g). *Id.*

Without analyzing the question of whether Plaintiff's present cause of action is barred under the doctrine of *res judicata*, the Court finds that Plaintiff's claims are barred as untimely. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202 (2006); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Illinois law does not toll the statute of limitations for prisoners. *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992); *Alexander v. Lane*, No. 90 C 1568, 1993 WL 539554, *2 (N.D. Ill. Dec. 22, 1993). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

It is clear from Plaintiff's complaint that he is alleging a constitutional violation that, taken from the latest date listed in the complaint [see 1, at 5], occurred in July of 2006, when he was released from IDOC custody. Because more than four years have passed since Plaintiff was released from the custody that he alleges violated his civil rights, Plaintiff's claim plainly is time-barred. Even if Plaintiff had a claim at some point for deliberate indifference because he was imprisoned beyond the release date of his sentence (see *Burke v. Johnston*, 452 F.3d 665, 667 (7th Cir. 2006)), the time for filing his suit expired in July of 2008.

Accordingly, for the reasons stated in this order and the Court's April 30, 2010 order in *Smith v. Illinois Department of Corrections*, No. 10 C 2531, the Court finds that Plaintiff has failed to state a valid § 1983 claim, and allowing him to amend his complaint would be futile. This suit is dismissed for failure to state a claim upon which relief can be granted. Plaintiff's motion for appointment of counsel is denied as moot. The dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff is cautioned that if a prisoner has a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."

